**AKRON PURE MILK CO v BERTSCH**

Ohio Appeals, 9th Dist, Summit Co

No 2649. Decided April 6, 1936

Musser, Kimber & Huffman, Akron, for plaintiff in error.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for defendant in error.

## OPINION

By STEVENS, J.

Error is prosecuted to this court by defendant below, the Akron Pure Milk Co., from a judgment against it and in favor of the plaintiff below, said judgment being in the sum of $3500.

Reference will be made to the parties as they appeared in the trial court.

The petition of plaintiff claimed the right to recover damages from defendant for injuries to her person, alleged to have been sustained because of negligence of defendant in the following respects:

1. In delivering to plaintiff a milk bottle, which, at the time of delivery, was cracked, and in an unsound and defective condition.

2. In failing to properly inspect said bottle before delivery thereof, so as to discover its defective condition.

3. In failing to properly inspect said bottle after the processing thereof by defendant.

4. In failing to provide a device to protect against damage from the breaking of said bottle.

5. In negligently and carelessly handling said bottle while making delivery thereof, and thereby causing the cracked and defective condition of said bottle.

Defendant, for answer, denied any negligence on its part, and averred that plain-

tiff's injuries were directly and proximately caused by her own carelessness, negligence and want of ordinary care in the handling of said milk bottle.

The facts as disclosed by the record are briefly these:

On February 14, 1933, defendant, through its employee Frase, delivered to the home of plaintiff, on route 2, Norton Center Road, three quart bottles of milk, said delivery being made at about 6:30 A. M. The temperature on the day in question was above freezing. Said bottles were placed upon the middle step of three brick steps leading into plaintiff's home from a small enclosure or room, in which room were doors leading into the kitchen, the garage, and to the outside.

Twenty or thirty minutes after their delivery, plaintiff went to said small room and picked up two of said bottles in such a way that the bottle in her left hand was perhaps a foot above that in her right hand, when the bottom portion of the bottle in her left hand fell out, striking plaintiff upon the right hand in such manner as to lacerate the knuckle of the index finger thereof and completely sever the tendon of said index finger. Surgical treatment thereafter given to said injury required the administering of a general anaesthetic to plaintiff, and as a result thereof she suffered a condition described as ether toxemia, and subsequently a secondary infection set up at the seat of said injury, with resultant partial loss of function of said finger and hand.

Several errors are assigned, as follows:

1. The verdict is contrary to the evidence.

2. The verdict is contrary to law.

3. Errors in the admission and rejection of evidence.

4. Error in giving plaintiff's written requests to charge before argument.

5. Failure to define the issues.

6. Error in refusing to comply with defendant's request to charge in the general charge upon the subject of contributory negligence.

Much evidence was offered by both plaintiff and defendant as to the manner of washing, sterilizing, filling, capping and handling the milk bottles of defendant, and as to the inspection to which said bottles were subjected both before and after filling; all of this to the end that the possibility or probability of a break or crack resulting from sudden changes of temperature in the processing of said bottles might be shown. Further, the bottom portion of the broken bottle through which plaintiff suffered her injury, was introduced and received in evidence, and much conflicting expert evidence as to the cause of the break, whether from heat or mechanical means, was introduced.

While defendant claims that it is the uncontradicted testimony of plaintiff and the delivery man, Frase, that said bottles were all in good condition when delivery was made of them to the Bertsch home, we do not glean such a conclusion from a reading of the record. We are of the opinion that a more accurate statement would be that neither plaintiff nor Frase had any definite knowledge as to whether or not said bottles were in good condition when delivered to plaintiff's home; they merely stating that they had not seen any defective condition of said bottles, but that neither had made any close inspection of the bottoms thereof, and that "said bottles looked all right."

At the conclusion of plaintiff's case in chief, there had been introduced, in the opinion of this court, sufficient evidence of negligence upon the part of defendant to warrant the trial court in overruling defendant's motion for a directed verdict; and when the vidence was all submitted, certainly there was a factual question for submission to the jury as to whether or not defendant had been guilty of negligence in any or all of the respects charged in the petition.

The jury having resolved the question in favor of plaintiff, we are unable to conclude, as urged by defendant, that the verdict is either contrary to or manifestly against the weight of the evidence, or that it is contrary to law.

Complaint is next made of errors in the admission and rejection of evidence, which claimed errors are set out in defendant's brief according to the page numbers of the record.

Aside from our reading of the record, we have re-examined each of the instances concerning which defendant complains; and while, in the absence of proof of a custom, the existence of which was known to defendant, we do not approve of evidence as to the manner of inspection by others as reflecting on the degree of care used by defendant, we are of the opinion that, under the facts and circumstances shown by the record in this case, no prejudicial error intervened in the admission and rejection of evidence.

It is charged by defendant that the court erred in giving plaintiff's written requests to charge before argument Nos. 1, 2 and 3.

We have carefully examined those

charges, and in view of the fact that we are unanimously of the opinoin that under the rule as announced by the Supreme Court there is no evidence in this record which would have required the court to charge on the subject of contributory negligence, even though requested so to do, we hold that there was no prejudicial error in the giving of plaintiff's special requests to charge before argument Nos. 1, 2 and 3.

We find no error upon the claim that the trial court failed to properly define the issues.

The judgment is affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.